UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY BROWN #281484,

    Plaintiff,                                                Hon. Janet T. Neff

v.                                                              Case No. 1:19-cv-634

UNKNOWN SCHULTZ,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

The Court has before it Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 19.) Plaintiff has failed to respond to the motion within the time provided under Western District of Michigan Local Civil Rule 7.2(c). Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the motion be **DENIED**.

**Background**

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections, alleges that Defendant retaliated against him in violation of the First Amendment after he filed a grievance against Defendant. According to Plaintiff's amended complaint, while Plaintiff was working in the kitchen at the Carson City Correctional Facility on March 12, 2018, he observed Defendant, a Trinity Services Group worker, reach into a pan without gloves and pick up and eat a piece of chicken. Defendant was eating the piece of chicken over the pan of chicken that was to be served to others. (ECF No. 9 at PageID.48.) Plaintiff informed Defendant that her actions were unsanitary and violated MDOC policy regarding food preparation. Defendant told Plaintiff, "you better watch

yourself, because you never know, I might just feel like making some shit up to get you fired." (*Id.*)

Plaintiff reported Defendant's actions to Defendant's supervisor, Ms. Doty, in Defendant's presence and informed her that he would be filing a grievance. Shortly thereafter, Plaintiff filed his grievance. (*Id.* at PageID.48–49.) Approximately three days after Plaintiff filed his grievance, Trinity worker Jennifer Nathan informed Plaintiff that Defendant had learned that Plaintiff had filed the grievance and told Plaintiff to "watch his back because [Defendant] had it out for Plaintiff." Ms. Nathan told Plaintiff that Defendant had stated she intended to write Plaintiff a major misconduct ticket to ensure that he would never work in the kitchen again. (*Id.* at PageID.49.)

Defendant wrote Plaintiff a major misconduct ticket on March 17, 2018, for bribery of an employee. On March 20, 2018, the hearing officer found Plaintiff not guilty on the ticket. On March 21, 2018, Plaintiff received a Prisoner Program and Work Assignment Evaluation indicating that he had been terminated on March 20, 2018. The evaluation stated that Plaintiff had been terminated from his position due to safety concerns for staff that Defendant had reported. Plaintiff alleges that in April 2018, while he was in the chow line for breakfast, Defendant stated, "I told you that I was going to fire you and now you'll never work in this kitchen again." (*Id.*)

## Discussion

In order to state a First Amendment retaliation claim, a plaintiff must establish that: (1) he engaged in protected conduct; (2) the defendant took an adverse action against him "that would deter a person of ordinary firmness from continuing to engage in that conduct;" and (3) the adverse action was taken (at least in part) because of the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Defendant argues that Plaintiff's retaliation claim fails

because his grievance does not amount to protected conduct. "An inmate has a First Amendment right to file grievances against prison officials, provided that the grievance is non-frivolous." *Smith v. Craven*, 61 F. App'x 159, 162 (6th Cir. 2003) (citing *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001), and *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)). A grievance is non-frivolous "only to the extent that the underlying claims ha[ve] merit." *See Herron*, 203 F.3d at 415 (stating that a prisoner's act of filing a grievance constitutes protected conduct). Regarding the non-frivolous requirement, the Sixth Circuit has observed:

> Some cases in this Circuit appear to suggest that a prisoner's grievance is frivolous when the underlying grievance itself is de minimis. *Ziegler v. State of Michigan*, 90 Fed. Appx. 808, 810 (6th Cir. 2004) (finding a grievance frivolous when the prisoner complained that the prison officer should "not be able to conduct a non-invasive pat-down search" of her); *White–Bey v. Griggs*, 43 Fed. Appx. 792, 794 (6th Cir. 2002) (finding grievances that "concerned being required to use a typewriter rather than a computer, and being required to sit quietly in defendant's office after being told again that there was no computer available for him to use" to be frivolous and not to "rise to the level of protected conduct"); *Scott v. Kilchermann*, 230 F.3d 1359, at *1–2 (6th Cir. 2000) (finding a grievance frivolous when the inmate complained that he had been subject to verbal abuse); *Thaddeus–X v. Love*, 215 F.3d 1327, at *2–3 (6th Cir. 2000) (finding a prisoner's threat to file a grievance against an officer for "eating waffles at a prison guard desk," which was against prison policy, "patently frivolous as the defendant's conduct had no adverse impact on [the prisoner]").

*Maben v. Thelen*, 887 F.3d 252, 264–65 (6th Cir. 2018).

Defendant argues that the instant case is most analogous to *Scott v. Kilchermann*, No. 99-1711, 2000 WL 1434456, at *2 (6th Cir. Sept. 18, 2000), in which the court concluded that the plaintiff's grievance complaining about verbal abuse was frivolous because "[a]n inmate has no constitutionally protected right to be free from verbal abuse." Defendant says that *Scott* applies because "Plaintiff alleges that he grieved that he was verbally abused by Schultz in return for pointing out an alleged violation of prison policy." (ECF No. 20 at PageID.90.) The subject of Plaintiff's grievance is not entirely clear from the amended complaint. Plaintiff simply alleges that he "expressed the situation that just had taken place," informed Ms. Doty and Defendant that he

3

would be filing a grievance and subsequently filed a grievance. (ECF No. 9 at PageID.48–49.) It is thus not clear from Plaintiff's allegations whether he grieved Defendant's alleged violation of policy, her threat to make something up about Plaintiff, or both. Plaintiff's actual grievance differs from his allegations. Plaintiff stated:

> On Monday 3-12-18 at or around 2:00 pm, Trinity worker Schultz was watching me pan chicken for dinner and she said that she really liked me but I won't like her because she was pregnant and had a boyfriend. I told her to leave me alone, or I was going to her boss. She then told me that I better watch my ass or she was going to fire me. I said for what then she said I will make up something, like stealing. I told her that she was crazy. She then said you black guys make things up on us Trinity workers everyday.

(EF No. 1-1 at PageID.11.) Plaintiff's grievance arguably can be construed to allege two acts: (1) sexual harassment; and (2) threatening to fabricate a basis to terminate Plaintiff's job. Even if the portion of the grievance regarding sexual harassment is only considered verbal abuse (which I do not find), the grievance cannot be considered frivolous to the extent it complains about Defendant's threat to fabricate a ground to have Plaintiff fired. A grievance of that nature cannot be considered "de minimis," *Maben*, 887 F.3d at 264, not "legitimate," *Pasley v. Conerly*, 345 F. App'x 981, 985 (6th Cir. 2009), or having "no adverse impact on [Plaintiff]," *Thaddeus-X v. Love*, No. 98-2211, 2000 WL 712354, at *3 (6th Cir. May 22, 2000). Thus, Plaintiff has sufficiently alleged that he engaged in protected conduct.

Defendant further contends that she is entitled to dismissal because the Form 363 requesting Plaintiff's termination indicates only that Defendant reported the information that led to Plaintiff's termination. (ECF No. 1-1 at PageID.17.) In other words, Defendant did not make the decision to terminate Plaintiff's employment. Defendant is correct that Plaintiff fails to sufficiently allege a causal connection between his protected activity and his job termination because Defendant was not the decisionmaker. *See Crowell v. Parsons*, No. 2:14-CV-44, 2016 WL 2892670, at *3 (W.D. Mich. May 18, 2016) ("A defendant's statements or conduct are not

4

evidence of retaliation where, as here, the defendant is not the decisionmaker taking the alleged adverse action.") (citing *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001)). This holds true even though Defendant instigated the termination through the information she provided about Plaintiff's conduct. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (holding that two prison food service supervisors who instigated the termination of the plaintiff from his commissary position were not liable for retaliation because they were not involved in the termination decision). Accordingly, Plaintiff cannot base his retaliation claim against Defendant upon his termination from his kitchen position. Nonetheless, Defendant does not address the misconduct ticket, which she undeniably wrote. Because the issuance of a Class II misconduct is sufficiently adverse for pleading purposes, *see Hill v. Hoffner*, No. 1:15-cv-1143, 2016 WL 1165405, at *6 (W.D. Mich. Mar. 25, 2016), Plaintiff sufficiently states a retaliation claim.

    One additional point merits discussion. Plaintiff adds a due process claim in his amended complaint based on Defendant's willful and malicious punishment of Plaintiff for exercising his First Amendment rights. (ECF No. 9 at PageID.50.) Pursuant to the Prisoner Litigation Reform Act, a court shall, at any time, sua sponte dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. I recommend that Plaintiff's due process claim be dismissed because the First Amendment provides an explicit textual source of constitutional protection for Plaintiff's retaliation claim. *See Guile v. Spence*, No. 2:19-cv-138, 2019 WL 4316131, at *8 (W.D. Mich. Sept. 12, 2019) (concluding that the plaintiff's substantive due process claim was subject to dismissal because the First Amendment provided an explicit textual source for the plaintiff's retaliation claim); *see also Thompson v. Ohio State Univ.*, 990 F. Supp. 2d 801, 813 (S.D. Ohio. 2014) (holding that any claim that the defendants punished the plaintiff in retaliation for her

5

complaints were more appropriately resolved through vindication of rights under the First Amendment).[1]

### Conclusion

For the foregoing reasons, I recommend that Defendant's motion to dismiss (ECF No. 19) be **DENIED** but that Plaintiff's retaliation claim be permitted to proceed based only on Defendant's issuance of the Class II misconduct ticket. I further recommend that Plaintiff's due process claim be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

Dated: January 5, 2021                             /s/ Sally J. Berens
                                                   SALLY J. BERENS
                                                   U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

[1] Plaintiff's due process claim is also properly dismissed to the extent he alleges a procedural due process claim based on the loss of his prison employment because a prisoner lacks a cognizable property or liberty interest in prison employment. *Dobbins v. Craycraft*, 423 F. App'x 550, 552 (6th Cir. 2011).