UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY BROWN #281484,

        Plaintiff,                                    Hon. Janet T. Neff

v.                                                      Case No. 1:19-cv-634

J. SCHULTZ,

        Defendant.
_____/

**REPORT AND RECOMMENDATION AND ORDER**

This matter is before me on Defendant's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 34) and Plaintiff's Motion to Conduct Discovery regarding Defendant's motion (ECF No. 41). For the following reasons, Plaintiff's motion is **DENIED**. In addition, although Plaintiff has not had the opportunity to respond to Defendant's motion, pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Defendant's motion be **DENIED** for the same reasons that I deny Plaintiff's motion for discovery.

**I.    Background**

Plaintiff filed his complaint in this case on August 5, 2019, and filed an amended complaint on December 5, 2019. Plaintiff alleged that Defendant retaliated against him in violation of the First Amendment by writing a misconduct ticket against him for bribery of an employee and by terminating Plaintiff from his kitchen job. Defendant signed a waiver of service on September 14, 2020, and filed a motion to dismiss on October 28, 2020, to which Plaintiff did not respond. On January 5, 2021, I issued a Report and Recommendation recommending that the motion be denied but that Plaintiff's action be permitted to proceed solely on his retaliation claim based on

1

Defendant's issuance of the misconduct ticket. (ECF No. 24 at PageID.104.) The Court adopted the Report and Recommendation on February 2, 2021. (ECF No. 25.) Thus, Plaintiff's retaliation claim based on the misconduct ticket is the sole remaining claim.

On March 10, 2021, Defendant moved for summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies through all three steps of the Michigan Department of Corrections (MDOC) grievance procedure. Pursuant to the February 16, 2021 Amended Case Management Order (ECF No. 28), Plaintiff seeks to obtain pertinent grievance documents from the MDOC that he claims would prove he exhausted his administrative remedies.

## II.     Discussion

### A.     Plaintiff's motion

In his motion, Plaintiff states that he previously requested Defendant produce documents pertaining to his grievance activity, but Defendant responded that she does not possess such documents. Plaintiff therefore requests that the Clerk issue a subpoena to the MDOC for copies of his Step III grievance with the identifier DRF 1803 0713 17A and deliver it to the U.S. Marshal for service on the MDOC.

Because Plaintiff has been allowed to proceed in *in forma pauperis* in this action, he is entitled to have the Marshals Service serve his subpoena. 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases"); *see LaFountain v. Harry*, No. 1:10-cv-943, 2015 WL 5749469, at *5 (W.D. Mich. Sept. 30, 2015). However, a court is not obligated to direct that the Marshals Service serve a subpoena if the information sought has no bearing on the litigation. *Id.* (citing *Brown v. Ross Cnty.*, No. 2:14-CV-333, 2014 WL 4284874, at *2 (S.D. Ohio Aug. 28, 2014) (stating that "[a] court . . . may exercise its discretion to screen such a subpoena request, relieving the Marshals Service of its duty when appropriate")).

2

Here, the information Plaintiff seeks regarding grievance DRF 1803 0713 17A would not demonstrate exhaustion.

Because Plaintiff's claim is based on Defendant's issuance of a Class II misconduct charge, Plaintiff could only exhaust his claim that the misconduct was retaliatory by raising it during the misconduct hearing. *See Smith v. Goulet*, No. 1:17-cv-618, 2018 WL 3688468 at *2 (W.D. Mich. Aug. 3, 2018) ("Because the ordinary grievance procedure does not apply to disputes arising out of misconduct hearings, the prisoner must instead raise the issue in the misconduct hearing."); *Miller v. Klee*, No. 17-11006, 2018 WL 1354473 at *5 (E.D. Mich. Feb. 23, 2018) (stating that "a prisoner claiming that the issuance of a misconduct ticket constitutes retaliation, must raise that issue during the first misconduct hearing in order to exhaust administrative remedies"); *Alexander v. Ojala*, No. 2:16-cv-85, 2016 WL 6662559, at *3 (W.D. Mich. Sept. 23, 2016), *report and recommendation adopted*, 2016 WL 6659133 (W.D. Mich. Nov. 10, 2016) (concluding that the plaintiff could only exhaust his retaliation claim for minor misconduct ticket by asserting the claim during his misconduct hearing.). Therefore, Plaintiff was required to exhaust his retaliation claim in the misconduct hearing and not through the normal grievance process. Thus, even if Plaintiff obtained the Step III appeal for grievance DRF 1803 0713 17A from the MDOC, it could not show proper exhaustion of a claim based on a retaliatory misconduct ticket.

**B.    Defendant's Motion**

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001)). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." W*oodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Jones v. Bock*, 549 U.S. 199 (2007), the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Id.* at 218.

Generally, a prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019). As set forth above, however, because Plaintiff claims that the Class II misconduct ticket was retaliatory, he was required to raise the issue during the misconduct hearing.

In her motion, Defendant argues only that Plaintiff failed to exhaust his claim through all three steps of the MDOC grievance procedure. (ECF No. 35 at PageID.132–33.) Defendant does not argue, let alone offer proof, that Plaintiff failed to raise the issue of retaliation during the hearing on the misconduct ticket. For example, Defendant does not offer an affidavit from the hearing officer affirming that Plaintiff did not raise the issue during the misconduct hearing. Because Defendant bears the burden of proof on the affirmative defense of exhaustion, she has failed to show that she is entitled to summary judgment.

### III.  Conclusion

In sum, Plaintiff's motion to conduct discovery is **DENIED**; and it is **RECOMMENDED** that the Court **DENY** Defendant's motion for summary judgment based on Plaintiff's failure to exhaust.

Dated: May 13, 2021                                    /s/ Sally J. Berens
                                                                      SALLY J. BERENS
                                                                      U.S. Magistrate Judge


### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).