UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY BROWN,

    Plaintiff,

v.

J. SCHULTZ,

    Defendant.

_____/

Case No. 1:19-cv-634

HON. JANET T. NEFF

**OPINION AND ORDER**

Before the Court are Defendant's Objections to the Magistrate Judge's Report and Recommendation Denying Defendant's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 45). For the following reasons, the Objections are overruled and denied.

Defendant's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 34) seeks summary judgment based only on Plaintiff's failure to exhaust the three steps of the MDOC grievance procedure (ECF No. 44 at PageID.178; ECF No. 35 at PageID.132-133). The Magistrate Judge rejected this argument because a failure-to-exhaust dismissal would have to be based on Plaintiff's failure to raise the allegations of retaliation for his Class II misconduct ticket at a misconduct hearing (ECF No. 44 at PageID.178).

Defendant states in the Objections that the Magistrate Judge's "analysis was incomplete" because "[t]he law cited by this Court relates to individuals found guilty of major misconducts and [sic] wish to challenge the results, not individuals who are found not guilty but still wish to pursue

claims of retaliation" (ECF No. 45 at PageID.181). Defendant does not provide support for this proposition.

Defendant appears to argue that because the misconduct ticket was decided in Plaintiff's favor, Plaintiff's retaliation claim should have been grieved through the administrative grievance procedure; furthermore, its exhaustion requirements apply (*id.*). Without passing on this argument, the Court is without evidence and support for the proper categorization of Plaintiff's retaliation claim and the procedures for claim exhaustion under MDOC's procedures under these circumstances. Thus, summary judgment is inappropriate.

Without clear support, Defendant's Objections sound as general objections. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("general objections do not satisfy the objection requirement"); FED. R. CIV. P. 72(b)(3). The Magistrate Judge relied on good law as to the facts before the Magistrate Judge, as Defendant concedes (*id.* at PageID.181-182). *See, e.g.*, *Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011); *Alexander v. Ojala*, No. 2:16-CV-85, 2016 WL 6662559, at *3 (W.D. Mich. Sept. 23, 2016), *report and recommendation adopted*, No. 2:16-CV-85, 2016 WL 6659133 (W.D. Mich. Nov. 10, 2016). Later in the Objections, Defendant admits that it is unclear from the case law "whether the issuance of misconducts themselves can only be challenged at a hearing, or whether the decisions made in the hearings can only be challenged through these hearings" (*id.* at PageID.182).

It is clear to the Court that there are genuine issues of material fact to be resolved. *See* FED. R. CIV. P. 56(a). Defendant has not raised legal support for overturning the Magistrate Judge's conclusions, and objections to a report and recommendation are not the proper venue for raising new arguments not raised before the Magistrate Judge. *See, e.g.*, *Okoro v. Krueger*, No. 05-CV-70269, 2007 WL 3333472, at *2 (E.D. Mich. Nov. 7, 2007) (citing *Murr v. United States*,

200 F.3d 895, 901 n.1 (6th Cir. 2000)).  The Objections are properly overruled and denied.  The Court has reviewed the Report and Recommendation finds no error with it and accepts its recommendation.

Accordingly:

**IT IS HEREBY ORDERED** that Defendant's Objections (ECF No. 45) are **OVERRULED** and **DENIED**.

**IT IS FURTHER ORDERED** that the Court **APPROVES** and **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 44), as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 34) is DENIED.

Dated:  March 21, 2022

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge