FILED - GR
August 8, 2022 1:25 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: JW / 8-9

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Henry Brown #281484,

    Plaintiff,

-vs-

J. Schultz,

    Defendant.

Case No: 1:19-cv-634

Honorable Janet T. Neff

## BRIEF IN SUPPORT OF PLAINTIFF'S
## MOTION STATING HOW THE DEPOSITION WILL BE TAKEN

Plaintiff Henry Brown (hereinafter "Plaintiff"), in pro per, respectfully submits his Brief in Support of his Motion stating how the deposition of Defendant Jamie Schultz (hereinafter "Defendant") will be taken.

### INTRODUCTION AND STATEMENT OF FACTS

Plaintiff Henry Brown is a pro se prisoner who is currently confined in the custody and control of the Michigan Department of Corrections ("MDOC"). Defendant was an employee of Trinity Services Group, Inc., ("Trinity"), a previous contracted food service provider for the MDOC.

On May 23, 2022, the plaintiff sent the Consolidated Discovery Requests to Defense Attorney Alexander B. Chosid. However, the discovery requests were returned by Attorney Bradford Moyer. On June 23, 2022, plaintiff received Defendant's Objections and Answers to Plaintiff's Consolidated Discovery Requests. Plaintiff never received any written notice that Mr. Moyer also was representing the defendant.

The admissions, interrogatories and production requests were all mainly objected to for a number of different reasons and it was obvious defense

counsel answered the requests. The information provided had no useful value because it didn't come directly from the defendant. (see ex#1).

On July 18, 2022, the plaintiff was sent a letter from the Attorney General's Office. The MDOC objected to the subpeona addressed to the Carson City Correctional Facility as it was not authorized/signed by the Clerk of the Court or an attorney. The plaintiff has contacted the Clerk of the Court in hopes of getting the problem corrected before trial.

A deposition straight from the defendant is now needed. Defense counsel has already started to mischaracterize the facts. The plaintiff never offered to do things for the defendant. The defendant never said that in the Bribery ticket that she wrote. (see ex#2). The hearing officer clearly stated nothing was offered or requested from the defendant thus plaintiff was found not guilty of Bribery.

On July 21, 2022, plaintiff spoke with defense counsel, Jeff Lamb and agreed to extend the discovery deadline. The plaintiff mentioned the possibility of a deposition from Ms. Schultz and Mr. Lamb stated he was representing the defendant. I don't know what that meant.

On March 12, 2018, the plaintiff brought Ms. Schultz's unsanitary actions to her attention. I told her that I would be telling her supervisor about her actions. Ms. Schultz said that she would make up something to get me fired.

Ms. Doty just happened to be walking by and the plaintiff pursued his grievance orally in the presence of Ms. Schultz. The plaintiff also told Ms. Doty and Ms. Schultz together that he would be filing a written grievance as well.

On March 17, 2018, at 4:30am the plaintiff reported for work, Ms. Schultz was waiting for the plaintiff to report for work. She said that Ms.

Nathan had been arrested for bringing contraband into the facility. She said that I wouldn't have Ms. Nathan to protect me anymore.

It was just after breakfast that I attempted to ask defendant could I work overtime because Ms. Nathan lets me stay over all the time. She said that she wasn't helping me with anything. I told her that she needed friends which only meant that it was going to come a time that she was going to want people to work overtime to help her prepare the meals.

I was shortly thereafter handcuffed and led out of the kitchen to the control center. I met with the Inspector. He said that Ms. Schultz wanted me terminated and he asked me what jobs would I be interested in being reclassified to. He told me Ms. Schultz would be gone in the summer and I could then go back to the kitchen. It was nothing that he could do because she wanted me terminated. I had to wait until Trinity was out of the kitchen.

Ms. Schultz was the decision maker that had me fired. I was fired before I received the ticket. Ms. Schultz was personally involved in the oral grievance and was made aware of her actions. Ms. Schultz personally wrote me the bribery ticket. She was suppose to have me reclassed by MDOC policy. It was brought to her attention but she wanted me to never be able to work in the kitchen ever again. She fired me for revenge because of the grievance. (see ex#3 PD 05.01.100N RECLASSIFICATION).

## CONTROLLING AUTHORITY AND ARGUMENT

Pursuant to Rule 30(a)(2), Depositions by oral examination.

Rule 30(a) When a Deposition may be taken.

Rule 30(2) With Leave. A party must obtain leave of court, and the court must grant leave to the extent with Rule 26(b)(2).

The purpose of plaintiff requesting a deposition by leave is to try an

3

obtain a stipulation or court orders spelling out how the deposition will be managed. The plaintiff realizes that it's a real possibility that he won't be able to obtain a deposition from defendant in this case because of his incarceration and being a pro per litigant.

The plaintiff has the money in his prisoner account and a court order is needed to access it so I will be able to pay the court stenographer for their services.

I tried to talk to Attorney Jeff Lamb but I'm not sure he fully understood what I was asking for. I wish to depose defendant Schultz. I expect her to provide answers to the grievance wrote on her and the major ticket that she wrote.

I don't know the location but I will be in prison of course. I don't need anyone present at the deposition but defense counsel, Ms. Schultz and the stenographer. The people that may come to the prison possibly will need all the necessary clearances in advance.

WHEREFORE, Plaintiff Brown respectfully request that this Honorable Court state how the deposition of defendant Schultz will be taken if possible.

Respectfully submitted,

August 3, 2022

Henry Brown
Henry Brown # 281484
In Pro Per
Woodland Center Correctional Facility
9036 East M-36
Whitmore Lake, MI. 48189

Henry Brown #281484
Woodland Center Correctional Facility
9036 East M-36
Whitmore Lake, M.I. 48189



Clerk of the Court
United States District Court
399 Federal Building
110 Michigan, N.W.
Grand Rapids, M.I. 49503-2363