UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY BROWN #281484,

                Plaintiff,                                Hon. Janet T. Neff

v.                                                Case No. 1:19-cv-634

J. SCHULTZ,

                Defendant.

_____/

**REPORT AND RECOMMENDATION**

This matter is before me on Defendant's Motion for Summary Judgment. (ECF Nos. 116 and 122 (corrected motion).) The motion is fully briefed and ready for decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Defendant's motion be **DENIED**.

## I.    Background

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections (MDOC), filed his complaint in this case on August 5, 2019, and filed an amended complaint on December 5, 2019. Plaintiff alleged that Defendant retaliated against him in violation of the First Amendment by writing a misconduct ticket against him for bribery of an employee and by terminating him from his kitchen job. Plaintiff's claim was previously limited to his allegation that Defendant wrote a retaliatory Class II misconduct ticket on Plaintiff. (ECF Nos. 24 and 25.)

The facts giving rise to Plaintiff's claim occurred while Plaintiff was incarcerated at the Carson City Correctional Facility in March 2018. Plaintiff had a prison kitchen job at that facility and Defendant was employed by Trinity Services Group as a Food Service Supervisor. Plaintiff alleges that while he was working in the kitchen on March 12, 2018, he observed Defendant reach into a pan without gloves and pick up and eat a piece of chicken. Defendant was eating the piece

1

of chicken over a pan of chicken that was to be served to others. (ECF No. 9 at PageID.48.) Plaintiff

informed Defendant that her actions were unsanitary and violated MDOC policy regarding food

preparation. Defendant responded, "you better watch yourself, because you never know, I might

just feel like making some shit up to get you fired." (*Id.*) Later that day, Plaintiff reported

Defendant's actions to her supervisor, Ms. Doty, while Defendant was present. Plaintiff informed

Ms. Doty that he would be filing a grievance. Although Plaintiff alleges that he filed a grievance

the same day (*id.* at PageID.48–49), his Step I grievance form shows that he actually filed the

grievance on March 14, 2018. (ECF No. 1-1 at PageID.11.)

Defendant wrote Plaintiff a Class II misconduct ticket on March 17, 2018, for bribery of

an employee. On March 20, 2018, the hearing officer found Plaintiff not guilty on the ticket. (*Id.*

at PageID.49; ECF No. 1-1 at PageID.13, 15.)

## II.  Motion Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact, and

the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts

are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return

judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but

may grant summary judgment when "the record taken as a whole could not lead a rational trier of

fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th

Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

While a moving party without the burden of proof need only show that the opponent cannot

sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher

hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001)). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### III.   Discussion

Defendant moves for summary judgment on two grounds. First, she contends that Plaintiff failed properly to exhaust his administrative remedies prior to filing this action. Second, she contends that, regardless of whether Plaintiff properly exhausted his claim, the claim fails on the merits because Plaintiff cannot establish the causal connection element of his claim.

### A.      Exhaustion of Administrative Remedies

Defendant previously moved for summary judgment on the ground that Plaintiff failed to exhaust his retaliation claim through the MDOC's grievance process prior to filing suit. (ECF Nos. 34 and 35.) On May 13, 2021, I recommended that the motion be denied because Plaintiff was required to exhaust his retaliatory misconduct ticket claim by raising the issue in the misconduct hearing—an argument Defendant had not raised. (ECF No. 44.) The Court adopted that recommendation and denied the motion on March 21, 2022. (ECF No. 52.) Defendant again raises Plaintiff's failure to exhaust, this time arguing that he failed to raise exhaustion during the hearing

on the misconduct ticket. As support, Defendant provides a "sworn statement" from Jim Dunigan, the hearing officer at the March 20, 2018 hearing, who states that Plaintiff did not raise the issue of retaliation during the misconduct hearing. (ECF No. 118 at PageID.446–47.)

Generally, a prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019). Because Plaintiff's claim is based on the alleged retaliatory issuance of a Class II misconduct ticket, however, he was required to exhaust his claim by raising the issue of retaliation during the misconduct hearing. *See Smith v. Goulet*, No. 1:17-cv-618, 2018 WL 3688468, at *2 (W.D. Mich. Aug. 3, 2018) ("Because the ordinary grievance procedure does not apply to disputes arising out of misconduct hearings, the prisoner must instead raise the issue in the misconduct hearing."); *Miller v. Klee*, No. 17-11006, 2018 WL 1354473, at *5 (E.D. Mich. Feb. 23, 2018) (stating that "a prisoner claiming that the issuance of a misconduct ticket constitutes retaliation, must raise that issue during the first misconduct hearing in order to exhaust administrative remedies"); *Alexander v. Ojala*, No. 2:16-cv-85, 2016 WL 6662559, at *3 (W.D. Mich. Sept. 23, 2016), *report and recommendation adopted*, 2016 WL 6659133 (W.D. Mich. Nov. 10, 2016) (concluding that the plaintiff could only exhaust his retaliation claim for minor misconduct ticket by asserting the claim during his misconduct hearing.). If unsuccessful at the hearing, the prisoner must file an appeal asserting retaliation. *See Johnson v. Newcomb*, No. 2:19-cv-93, 2020 WL 9311855, at *3 (W.D. Mich. May 1, 2020), *report and recommendation adopted*, 2021WL 940590 (W.D. Mich. Mar. 12, 2021) (citing Mich. Dep't of Corrs. Policy Directive 03.03.105 ¶¶ UUU–XXX).

Defendant notes that the misconduct hearing report does not state that Plaintiff argued retaliation at the hearing, and she contends that Dunigan's statement that Plaintiff did not raise the

4

issue at the hearing establishes Plaintiff's failure to exhaust as a matter of law. (ECF No. 117 at PageID.421.) Plaintiff responds with his own declaration, in which he states that, at the hearing, he told Dunigan that Defendant wrote the misconduct ticket in response to the grievance he wrote on her, and he indicates that he even showed Dunigan a copy of the grievance. (ECF No. 128-2 at PageID.516–17.) Plaintiff further argues, without factual support, that Dunigan's statements are those of defense counsel rather than of Dunigan himself. (ECF No. 128 at PageID.507.)

Defendant has not demonstrated her entitlement to summary judgment on exhaustion grounds because a genuine issue of material fact remains. Dunigan states that Plaintiff did not raise the issue of retaliation at the hearing, while Plaintiff claims that he did raise it. This is a classic dispute of fact. Contrary to Defendant's assertion, the Court may not disregard Plaintiff's declaration on summary judgment simply because it may be considered "self-serving." Plaintiff's statements about what occurred at the hearing are obviously based on his personal knowledge, and thus may be considered on a motion for summary judgment. Fed. R. Civ. P. 56(c)(4). Moreover, the Sixth Circuit has rejected arguments that "self-serving" testimony is inadmissible. For example, in *Davis v. Gallagher*, 951 F.3d 743, 750 (6th Cir. 2020), the court observed that, "[a]lthough perhaps not as strong as some other evidence might be, self-serving statements can create a genuine dispute of material fact to be resolved at trial." *See also Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 (6th Cir. 2010) ("A court may not disregard evidence merely because it serves the interests of the party introducing it."); *Niemi v. NHK Spring Co.*, 543 F.3d 294, 300 (6th Cir. 2008) ("[P]laintiff's] affidavit, albeit arguably self-serving, is not 'no evidence.'").

Similarly, Defendant's assertion that Plaintiff's declaration is a "sham" lacks merit because Defendant fails to show that anything in it contradicts Plaintiff's prior deposition testimony or sworn statement. *See Aerel, S.R.L. v. PCC Airfoils, LLC*, 448 F.3d 899, 907 (6th Cir. 2006). Merely

labeling an affidavit or declaration offered to defeat a motion for summary judgment a "sham" does not make it so. To the extent Defendant contends that the misconduct hearing report contradicts Plaintiff's testimony in his declaration, Defendant fails to cite any authority for the proposition that a misconduct hearing report can provide a basis for applying the sham affidavit rule. Finally, because Plaintiff was found not guilty following the misconduct hearing, he was not required to raise retaliation in an appeal, as Defendant suggests. *See McNees v. Torrey*, No. 1:19-cv-121, 2021 WL 1178627, at *5 (W.D. Mich. Mar. 4, 2021), *report and recommendation adopted*, 2021 WL 1171958 (W.D. Mich. Mar. 29, 2021) (citing *Dykes v. Fuller*, No. 18-11528, 2019 WL 6170868, at *2 (E.D. Mich. Aug. 7, 2019), *report and recommendation adopted*, 2019 WL 4744433 (E.D. Mich. Sept. 30, 2019) (because the plaintiff was found not guilty by the hearing officer, he had no right or reason to exhaust his claim through a rehearing or appeal)); *Brown v. Klotz*, No. 19-11509, 2020 WL 6390500, at *4 (E.D. Mich. Aug. 17, 2020), *report and recommendation adopted*, 2020 WL 5525208 (E.D. Mich. Sept. 15, 2020) ("In this case . . . Plaintiff was successful at the hearing—the ticket was dismissed. Having succeeded in getting the ticket dismissed, it stands to reason that Plaintiff could not have obtained any further relief from MDOC, and thus did not need to seek rehearing or appeal the hearing decision.").

Accordingly, I recommend that Defendant's motion be denied as to the exhaustion argument because a genuine issue of material fact remains.[1]

---

[1] At the end of his declaration, Plaintiff "declares under penalty of perjury that the foregoing declaration is true and correct to the best of my knowledge, information and belief." (ECF No. 128-2, PageID.517). This statement does not constitute a properly sworn statement. Specifically, his inclusion of the conditional language "to the best of [his] knowledge, information and belief" improperly "dilute[s]" the relevant statutory language. *See*, *e.g.*, *Swackhammer v. Michigan Dep't of Corrs.*, No. 1:10-cv-1160, 2013 WL 1182206 at *4 (W.D. Mich., Feb. 11, 2013), *report and recommendation adopted*, 2013 WL 1182147 (W.D. Mich. Mar. 21, 2013). In general, only admissible evidence can be considered when resolving a motion for summary judgment. *See*, *e.g.*, *Bluegrass Dutch Trust Morehead, LLC v. Rowan Cnty. Fiscal Ct.*, 734 F. App'x 322, 327 (6th

**B.**     **Merits**

A plaintiff must prove the following elements to establish a prima facie case of retaliation: (1) he engaged in protected conduct; (2) the defendant took an adverse action against him "that would deter a person of ordinary firmness from continuing to engage in that conduct;" and (3) the adverse action was taken (at least in part) because of the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). To satisfy the causal connection requirement, the plaintiff must show that the defendant's retaliatory motive was "a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves v. Bartlett*, __ U.S. __, 139 S. Ct. 1715, 1722 (2019).

Plaintiff alleges that he engaged in protected conduct when he filed a grievance against Defendant on March 14, 2018. (ECF No. 128 at PageID.506.) Defendant does not contest this element. Plaintiff further alleges that the issuance of a Class II misconduct ticket constitutes adverse action. (*Id.* at PageID.506–07.) Defendant likewise does not contest this element. She contends, however, that Plaintiff cannot establish a causal connection between his protected conduct and the misconduct ticket. Defendant argues that Plaintiff's own version of events

---

Cir., May 10, 2018). Nonetheless, I find it appropriate to consider Plaintiff's declaration, at least in part, for the following reasons. First, the proffered evidence "need not be in admissible *form*[; only] its content must be admissible." *McGuire v. Michigan Dep't of Cmty. Health*, 526 F. App'x 494, 496 (6th Cir. 2013) (internal quotation marks omitted). To the extent Plaintiff's declaration contains assertions based on his first-hand knowledge, he would certainly be capable of presenting such testimony at trial. Second, Defendant has not objected to the admissibility of Plaintiff's declaration on that basis. In fact, Defendant's own declaration contains the exact same "knowledge, information and belief" limitation. (ECF No. 138 at PageID.547.) Finally, the Sixth Circuit has held that district courts have discretion to differentiate "between knowledge and belief for each averment in the affidavit." *Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015). If the court cannot differentiate between knowledge and belief, it must strike the affidavit or declaration in its entirety. *Id.* at 605. For purposes of this motion, Plaintiff's statements about what he said and did at the misconduct hearing may be considered because they clearly are based on his personal knowledge.

demonstrates that it was not Plaintiff's grievance activity that motivated Defendant to issue the misconduct ticket, but instead their alleged verbal altercation on March 12, 2018, regarding Defendant's kitchen hygiene, prior to Plaintiff's grievance and his threat to file a grievance that he conveyed to Ms. Doty and Defendant following the March 12 verbal altercation. Defendant further notes that, although Plaintiff alleges in his amended complaint that approximately three days after he filed the grievance, Trinity worker Jennifer Nathan told Plaintiff that Defendant had learned of the grievance and had it out for Plaintiff, Plaintiff has presented no admissible evidence from Ms. Nathan to substantiate this allegation. (ECF No. 117 at PageID.422.) Finally, Defendant argues that temporal proximity, alone, is insufficient to establish a retaliatory motive. (*Id.* at PageID.421.)

The Sixth Circuit has observed that "the temporal proximity between the prisoner's protected conduct and the official's adverse action" can provide circumstantial proof of the official's retaliatory motive. *Hill v. Lappin*, 630 F.3d 468, 475–76 (6th Cir. 2010). But it has also stated that temporal proximity, without more, is insufficient to demonstrate the requisite causal connection. *See Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001). In *Holzemer v. City of Memphis*, 621 F.3d 512 (6th Cir. 2010), the court observed that, in general, the Sixth Circuit has been reluctant to find that temporal proximity, alone, can establish that the filing of a grievance was a motivating factor, but it acknowledged the court's statements in First Amendment cases in the employment context that "on a particular set of facts, extremely close temporal proximity could permit an inference of retaliatory motive." *Id.* at 526 (quoting *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 401 (6th Cir. 2010)); *see also Muhammad v. Close*, 379 F.3d 413, 417–18 (6th Cir. 2004) (stating that temporal proximity may be "significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive") (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)). In the present case, the temporal proximity between

the grievance and the misconduct ticket is only three days, which is very, if not extremely, close. *See Briggs v. Westcomb*, 801 F. App'x 956, 961 (6th Cir. 2020) ("A day between events presents a very different situation than a week between events, as two days between events has been found to be very close temporal proximity." (internal quotation marks omitted) (quoting *Lindsay v. Yates*, 578 F.3d 407, 419 (6th Cir. 2009))); *Berkshire v. Dahl*, No. 12-12038, 2017 WL 3276466, at *7 (E.D. Mich. Aug. 2, 2017) (concluding that three days between protected conduct and the alleged adverse action was "clearly more than mere temporal proximity," particularly where the record contained no evidence explaining the reason for the adverse action).

The "very close" temporal proximity in this case may well suffice to allow a reasonable jury to find a causal connection, but it is not the only evidence suggesting a retaliatory motive. While Defendant characterizes the March 12, 2018 exchange as a verbal altercation over kitchen hygiene, it also amounts to protected conduct based on an oral complaint to Defendant that her violation of MDOC policy regarding food handling could result in inmate harm. *See Maben v. Thelen*, 887 F.3d 252, 264–65 (6th Cir. 2018) (prisoner was engaged in protected conduct when orally complaining to kitchen staff about the inadequacy of his food portion because his complaint involved a grievance about prison conditions); *Horn v. Hunt*, Nos. 2:15-cv-220 & 2:15-cv-3019, 2017 WL 1134437, at *4 (S.D. Ohio Mar. 27, 2017) (distinguishing *Thaddeus-X v. Love*, No. 98-2211, 2000 WL 712354 (6th Cir. May 22, 2000), and concluding that the plaintiff's threat to file a grievance against a kitchen worker for failing to wear gloves in violation of prison food safety regulations was not patently frivolous because the violation could cause harm to prisoners). Although Plaintiff has not asserted his March 12, 2018 complaint to Defendant as protected conduct, a reasonable jury conclude that Plaintiff's *alleged* March 14, 2018 grievance concerning Defendant's alleged policy violation was simply an extension of his prior oral complaint that

9

motivated Defendant a few days later to make good on her prior threat to "make[] some shit up to get [Plaintiff] fired."² (ECF No. 9 at PageID.48.) Accordingly, I recommend that the Court deny Defendant's motion as to the merits of Plaintiff's claim.

## IV.  Conclusion

For the foregoing reasons, I recommend that the Court **deny** Defendant's motion for summary judgment (ECF Nos. 116 and 122) as to both exhaustion and the merits of Plaintiff's claim. I further recommend that if the Court adopts this recommendation, it direct Defendant to inform the Court within **14 days** whether she seeks a bench trial on the issue of exhaustion in accordance with *Lee v. Willey*, 789 F.3d 673 (6th Cir. 2015), and inform Defendant that failure to request a bench trial within that time will constitute a waiver of any further right to rely on the affirmative defense of failure to exhaust.

Dated: January 26, 2023                    /s/ Sally J. Berens
                                           SALLY J. BERENS
                                           U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

² I note that Plaintiff's March 14, 2018 grievance against Defendant (ECF No. 1-1 at PageID.11) inexplicably had nothing to do with Plaintiff complaining about Defendant's violation of food handling policy. Rather, it concerned Plaintiff's rejection of Defendant's alleged sexual advances.