UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY BROWN,

     Plaintiff,

                                        Case No. 1:19-cv-634

v.

                                        HON. JANET T. NEFF

J. SCHULTZ,

     Defendant.

_____/

### OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving Plaintiff's First Amendment right to free speech. Defendant filed a Motion for Summary Judgment, arguing Plaintiff failed to exhaust his administrative remedies and that his claim fails on the merits. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending Defendant's Motion be denied (ECF No. 140). The matter is presently before the Court on Defendant's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Defendant argues that the Magistrate Judge erred in concluding that (1) Plaintiff had no obligation to further appeal the retaliation issue and (2) there was sufficient evidence to establish the causation element of Plaintiff's claim (ECF No. 141 at PageID.559).

Defendant's first argument challenges the conclusion of the R&R that a material fact remains as to whether Plaintiff properly exhausted his administrative remedies.  In addition to challenging the Magistrate Judge's conclusion and re-hashing her exhaustion arguments, Defendant claims that adopting the R&R would interfere with the MDOC's ability to administer and manage its prisons.  This argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.  Defendant's first objection is, therefore, denied.

Defendant's second objection to the R&R challenges the Magistrate Judge's conclusion that there was sufficient evidence to support the causal element of Plaintiff's claim and asserts an error of law.  Defendant argues that other evidence must be considered to support a temporal-proximity claim of retaliation and that it was error for the Magistrate Judge to consider additional evidence.  The Court sees no factual or legal error with the Magistrate Judge's analysis of the evidence or conclusion that Plaintiff can sufficiently establish the causal element of his claim. This objection is also denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 141) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 140) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF Nos. 116 and 122 (corrected motion)) is DENIED.

**IT IS FURTHER ORDERED** that Defendant shall inform the Court, no later than fourteen (14) days from today's date, whether she seeks a bench trial on the issue of exhaustion.

Failure to request a bench trial time will constitute a waiver of any further right to rely on the affirmative defense of failure to exhaust.

Dated:  July 25, 2023

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge